## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LAUETO WATSON,

                Petitioner,                    Case Number: 2:11-CV-10459

v.                                      HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

                Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

      Petitioner Laueto Watson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his convictions for first-degree felony murder and felony firearm. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.  The Court finds that the petition was not timely filed.  Therefore, the petition will be dismissed.

### I.

      Following a bench trial in Recorder's Court for the County of Wayne (now Wayne County Circuit Court), Petitioner was convicted of first-degree felony murder and felony firearm.  On May 15, 1995, the trial court sentenced him to life imprisonment for the felony-murder conviction, and two years in prison for the felony-firearm conviction.

      Petitioner filed an appeal of right in the Michigan Court of Appeals.  He claimed

that the trial court erred in denying his motion for suppression of a gun seized from his home pursuant to a search warrant based upon Petitioner's custodial statement.  Petitioner argued that the custodial statement could not support the warrant because his warrantless arrest was not based on probable cause.  He also claimed that he was denied his right of confrontation.  The Michigan Court of Appeals affirmed his convictions.  *People v. Watson*, No. 186967 (Mich. Ct. App. March 7, 1997).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  *People v. Watson*, 456 Mich. 928 (Mich. Jan. 30, 1998).

On June 26, 1998, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion for failure to comply with Michigan Court Rule 6.502(13) and (14).  *People v. Watson*, No. 94-006951 (Third Judicial Circuit Court Aug. 3, 1998).  Petitioner did not seek leave to appeal from this order.

On October 25, 2005, Petitioner attempted to file a second motion for relief from judgment.  The trial court again denied the motion for failure to comply with Michigan Court Rule 6.502(13) and (14).  *People v. Watson*, No. 94-006951 (Third Circuit Court Nov. 11, 2005).

On July 8, 2009, Petitioner filed a third motion for relief from judgment.  The trial court ordered that the motion be returned without filing pursuant to Michigan Court Rule 6.502(G)(2).  *People v. Watson*, No. 94-006951 (Third Circuit Court July 24, 2009).  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  The

2

Michigan Court of Appeals dismissed the application because Petitioner could not appeal the denial of a successive motion for relief from judgment under Michigan Court Rule 6.502(G).  *People v. Watson*, No. 295936 (Mich. Ct. App. Apr. 22, 2010).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal because the appeal was barred by Michigan Court Rule 6.502(G).  *People v. Watson*, 488 Mich. 911 (2010).

Petitioner filed the pending petition on February 3, 2011.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed.  A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired.  *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000).  In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court.  The Michigan Supreme Court

denied his application for leave to appeal on January 30, 1998. Petitioner had ninety days

from that date to file a petition for writ of certiorari with the United States Supreme

Court, which he did not do. Thus, his conviction became final on April 30, 1998, when

the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th

Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a

petition for a writ of certiorari for direct review in the United States Supreme Court has

expired). The last day on which a petitioner can file a petition for a writ of certiorari in

the United States Supreme Court is not counted toward the one-year limitations period

applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period

commenced on May 1, 1998. Petitioner filed a motion for relief from judgment on June

26, 1998. Respondent argues that the motion did not toll the limitations period because it

was not properly filed. The Court will assume for purposes of this analysis that the

motion for relief from judgment was properly filed because doing so does not alter the

Court's conclusion that the petition is untimely. The trial court denied the motion on

August 3, 1998. Petitioner did not seek leave to appeal that denial. Therefore, the

limitations period, of which approximately ten months remained, resumed running on

August 4, 1998. The limitations period continued to run, uninterrupted, until it expired in

June 1999. Petitioner's habeas petition was filed over eleven years after the limitations

period expired.

       To the extent that Petitioner argues that the state created an impediment to the

timely filing of his habeas petition thereby delaying the start of the running of the

4

limitations period, this claim is meritless. Petitioner states that a transcript of the state
court evidentiary hearing regarding his motion to suppress was never prepared. The Sixth
Circuit Court of Appeals has held that a prisoner's ability to timely file a habeas petition
is not dependent upon his ability to access a trial transcript. *Miller v. Cason*, 49 F. App'x
495, 497 (6th Cir. 2002). *Accord Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002);
*Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001). Therefore, the absence of a transcript
does not delay commencement of the limitations period. The petition is untimely.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed
unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of
the Rules Governing Section 2254 Proceedings, which was amended as of December 1,
2009, requires that a district court must "issue or deny a certificate of appealability when
it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court
must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §
2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a
substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
Courts must either issue a certificate of appealability indicating which issues satisfy the
required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §
2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,
1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show

that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the

Court's conclusion that the petition is untimely.  Therefore, the Court denies a certificate

of appealability.

**IV.**

The Court finds that Petitioner failed to file his habeas petition within the

applicable one-year limitations period.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment

[dkt. #6] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: September 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on October 3, 2011, by electronic mail and upon Laueto Watson, #243337, Saginaw
Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 by ordinary mail.

s/Ruth A. Gunther
Case Manager

6